ACCEPTED
04-15-00075-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/26/2015 2:56:08 PM
KEITH HOTTLE
CLERK

**Cause No. 04-15-00075-CV**

**IN THE COURT OF APPEALS**
**FOURTH JUDICIAL DISTRICT OF TEXAS**
**AT SAN ANTONIO, TEXAS**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
05/26/2015 2:56:08 PM
KEITH E. HOTTLE
Clerk

**SAN ANTONIO HOUSING AUTHORITY**
**Appellant/Defendant,**

**v.**

**SERENTO APARTMENTS, LLC,**
**Appellee/Plaintiff.**

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
05/26/2015 2:56:08 PM
KEITH E. HOTTLE
Clerk

**ON APPEAL FROM**
**288TH JUDICIAL DISTRICT COURT**
**BEXAR COUNTY, TEXAS**
**CAUSE NO. 2014-CI-16503**

**APPELLANT'S REPLY BRIEF**

N. MARK RALLS
State Bar No. 16489200
Email: mralls@hfdlaw.com
APRIL Y. QUIÑONES
State Bar No. 24079167
Email: aquinones@hfdlaw.com
HOBLIT DARLING RALLS
HERNANDEZ & HUDLOW LLP
Bank of America Plaza
300 Convent Street, Suite 1450
San Antonio, Texas 78205
Telephone No. (210) 224-9991
Facsimile No. (210) 226-1544

*ATTORNEYS FOR APPELLANT,*
*SAN ANTONIO HOUSING AUTHORITY*

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

List of Authorities................................................................................................................iii

Reply Brief of Appellant .................................................................................................. 1

I.      Plaintiff's/Appellee's Pleadings Affirmatively Negated the Existence of Jurisdiction and Therefore, the Trial Court Should Have Granted SAHA's Plea ... 1

II.     The *East Houston Estate Apts., L.L.C. v. City of Houston* Court's Ruling is Controlling in this Matter ..................................................................................... 5

III.    If Applied in the Context of Contract Cases, The Proprietary/Governmental Dichotomy Entitles SAHA to its Shield of Immunity.............................................. 6

IV.    Prayer.......................................................................................................................... 7

Certificate of Service ......................................................................................................... 8

# LIST OF AUTHORITIES

**Cases:**

*E. Houston Estate Apts., L.L.C. v. City of Houston*, 294 S.W.3d 723 (Tex. App.—Houston [1st Dist.] 2009, no pet.)............................................................................. 3, 5, 6

*Hendee v. Dewhurst*, 228 S.W.3d 354 (Tex. App.—Austin 2007, pet. denied)................... 10

*Tex. Ass'n. of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440 (Tex. 1993).............................2

*Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583 (Tex. 2001)........................... 2, 3

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217 (Tex. 2004) ......................... 2

*Tooke v. City of Mexia,* 197 S.W.3d 325 (Tex. 2006) ......................................................... 6, 7

**Statutes and Rules:**

TEX. LOC. GOV'T CODE § 271.151 ...................................................................................2, 6

TEX. LOC. GOV'T CODE § 271.152 ............................................................................. 2, 3, 6

TEX. LOC. GOV'T CODE § 373.002 .................................................................................... 7

TEX. R. APP. P. 38.3................................................................................................................ 1

**IN THE COURT OF APPEALS**
**FOURTH JUDICIAL DISTRICT OF TEXAS**
**AT SAN ANTONIO, TEXAS**

**SAN ANTONIO HOUSING AUTHORITY**
                                        **Appellant/Defendant,**
**v.**

**SERENTO APARTMENTS, LLC,**
                                        **Appellee/Plaintiff.**

**ON APPEAL FROM**
**288TH JUDICIAL DISTRICT COURT**
**BEXAR COUNTY, TEXAS**
**CAUSE NO. 2014-CI-16503**

**APPELLANT'S REPLY BRIEF**

TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:

Appellant, SAN ANTONIO HOUSING AUTHORITY ("SAHA" or "Appellant" or "Defendant" hereafter) files this Reply Brief of Appellant pursuant to Texas Rule of Appellate Procedure 38.3 and would respectfully show the following:

**I.**
**Plaintiff's/Appellee's Pleadings Affirmatively Negated the Existence of Jurisdiction and Therefore, the Trial Court Should Have Granted SAHA's Plea**

SAHA was not required to produce any evidence to the trial Court, as SAHA's challenge to the trial Court's jurisdiction was based on Plaintiff's pleadings. (*See* Appellant's Brief, pgs. 7–11). Nothing in the law or procedural rules required SAHA to

bring forth evidence to the trial court when the Plaintiff's pleadings did not assert facts that demonstrated a waiver of SAHA's immunity, but rather, affirmatively negated the existence of jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004). It is well recognized that the sufficiency of pleading's requirement to establish jurisdiction is a burden imposed upon the Plaintiff, not a Defendant; hence, the requirement that in a jurisdictional challenge, a Court must first examine the pleadings. *Id.* (citing *Tex. Ass'n. of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)); *Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). In this case, Plaintiff's pleadings, alone, clearly negated the trial court's jurisdiction, as the facts that Plaintiff alleged about the contract in question clearly demonstrated that its *essential terms* were not for goods or services that were being directly provided to SAHA by the Plaintiff that would invoke the limited waiver to SAHA's entitlement to immunity under Texas Local Government Code, Sections 271.151(2)(A) and 271.152.

Notwithstanding its ultimate ruling, even the trial Court believed that Plaintiff did not plead facts that would show goods or services that would waive SAHA's immunity:

> COURT [To Appellee's Counsel]: So how is that goods and services, that cause of action? I mean, I read your cause of action and I don't see in there anywhere where you're suing [Defendant] for failing to provide goods or services.

R.R. P. 13/L. 24–P. 14/L. 2. While arguments of Counsel are not evidence under the Rules, Plaintiff's Counsel then apprised the trial Court that the "service" Plaintiff provided to SAHA was affordable quality housing to low income families, along with managing and maintaining Plaintiff's own apartment complex for the tenants referred

2

through the Section 8 program. *See* R.R. P. 15/L. 20–P. 17/L. 24. Still, the trial Court appeared unpersuaded:

> COURT [To Appellee's Counsel]: Mr. Jones, I want to know what good or service you're providing to SAHA that would get you underneath the governmental immunity. It sounds to me that you're not providing anything to SAHA.

R.R. P. 17/L. 25–P. 18/L. 3.

Plaintiff did not make a *prima facie* showing of waiver of immunity by merely amending its petition and citing, with no supporting facts, that jurisdiction was invoked pursuant to Texas Local Government Code, Section 271.152 (*See* C.R. at 23–24). *See Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d at 586–87.

Furthermore, an attenuated or indirect benefit to a governmental entity provided for in a contract is insufficient to waive immunity. *See E. Houston Estate Apts., L.L.C. v. City of Houston*, 294 S.W.3d 723, 736–37 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (concluding that "while the City would benefit in a general way from the availability of more housing for low-income families" there was no "service" provided directly to the City and low-income housing was "clearly not the type of 'service' envisioned by section 271.152").

It would be a mischaracterization to assert, as Appellee is alleging, that the contract in question is some type of a management contract that benefited SAHA because Plaintiff was providing housing to low income families (Appellee's Brief at 2, 10). Common sense would not allow such a conclusion and Appellant would direct the Court's attention to the title of the Contract: a Housing Assistance Payments Contract

3

(HAP Contract) Pursuant to the Section 8 Tenant-Based Assistant Housing Choice Voucher Program, which is a standard form contract prescribed by the U.S. Department of Housing and Urban Development. *See* C.R. at 2 and 24. The essential terms of the contract in question provided for Plaintiff receiving federal funds through the Housing of Urban Development ("HUD") in exchange for providing low income housing that met housing quality standards to qualified families in the community. As asserted in Plaintiff's pleadings, SAHA was merely an administrator of the funds and ensured that the quality housing standards were met by conducting inspections. *See* C.R. at 2–3, 25, 27. If anyone received a direct benefit from the contract, it was the Plaintiff and the low income families. They were the primary beneficiaries of the contract.

Additionally, Plaintiff references in its Response Brief to SAHA's Mission, Housing Choice Voucher Guideline Book and all references to SAHA's website should be disregarded. It in no way evidences that the contract was a services contract that would waive SAHA's immunity. Furthermore, this was not before the trial Court and therefore, should be disregarded. *See Hendee v. Dewhurst*, 228 S.W.3d 354 (Tex. App.—Austin 2007, pet. denied) (analyzing the scope of evidentiary review for a plea to the jurisdiction). In this case, the Court's evidentiary review solely turns on the Plaintiff's pleadings, which affirmatively negates the existence of jurisdiction.

For the foregoing reasons, the trial Court should have granted Defendant's Plea to the Jurisdiction and further, Appellee's unsubstantiated request for Sanctions should be denied.

**The *East Houston Estate Apts., L.L.C. v. City of Houston***
**Court's Ruling is Controlling in this Matter**

Appellant concedes that the contract the subject of suit in *East Houston Estate Apartments, L.L.C. v. City of Houston*, was not a Housing Assistance Payments Contract, but the facts related to the contract in *East Houston* significantly parallel those in this matter and therefore, the Court's holding is instructive herein. In *East Houston*, the City of Houston loaned the Plaintiff, East Houston Estate Apartments, funds that were furnished by the federal government, as in this case, via the U.S. Department of Housing and Urban Development, to assist in the rehabilitation of Plaintiff's apartment complex. *E. Houston Estate Apartments*, 294 S.W.3d at 726. Additionally, as in this case, in order to receive the federal funding, the Agreement in *East Houston* required the apartment owner to provide housing to low income families, in addition to regulating the rent that the Plaintiff apartment owner could charge for its units pursuant to HUD's standards. *Id.* at 727. Serento attempts to distinguish this matter from the case in *East Houston* by claiming that Serento had a "continuing and on-going agreement to continue to provide low income housing" to SAHA, while the Plaintiff apartment owner in *E. Houston* did not. (Appellee's Brief at 6–7). This is simply untrue. The facts noted in *East Houston* explicitly state that the terms of the contract in question required that the Plaintiff apartment owner provide low income housing for a period of 15 years from completion of the rehabilitation project. *E. Houston Estate Apartments*, 294 S.W.3d at 727, 733 (The Court stated, "Here, the loan agreement was made to provide funding to a private entity, East Houston [apartment owner], for the purpose of rehabilitating an apartment complex

to provide very low-income and low-income housing . . . ."). The Houston Court of Appeals rejected the Plaintiff's argument, as Serento asserts herein, that it provided the "service" of low income housing to the City's residents and found that this did not waive immunity pursuant to Sections 271.151 and 271.152 of the Texas Local Government Code. *Id.* at 634–37.

For the foregoing reasons, the trial Court should have granted Defendant's Plea to the Jurisdiction and Appellee's improper request for Sanctions should be denied.

## III.
## If Applied in the Context of Contract Cases, the Proprietary/Governmental Dichotomy Entitles SAHA to its Shield of Immunity

Appellee quoted in its Brief that the Texas Supreme Court in *Tooke v. City of Mexia* stated that "'[t]he Texas Tort Claims Act clearly waives a municipality's governmental immunity from liability and suit for certain tort claims arising out of its governmental functions. A municipality's 'governmental functions' are those functions conducted 'in the performance of purely governmental matters solely for the public benefit.'" (Appellee's Brief at 12). This alleged quoted statement is found nowhere in the Tooke opinion and instead, is in stark contrast to what the Texas Supreme Court actually stated. Instead, the *Tooke* Court indicated:

> The proprietary-governmental dichotomy has been used to determine a municipality's immunity from suit for tortious conduct. The distinction has not been a clear one, but generally speaking, a municipality's proprietary functions are those conducted 'in its private capacity, for the benefit only of those within its corporate limits, and not as an arm of the government,' while its governmental functions are 'in the performance of purely governmental matters solely for the public benefit.' A municipality is *not immune from suit for torts committed in the performance of its proprietary functions, as it is for torts committed in the performance of its*

6

*governmental functions*. But we have never held that this same distinction determines whether immunity from suit is waived for breach of contract claims, and we need not determine that issue here.

*Tooke v. City of Mexia,* 197 S.W.3d 325, 343 (Tex. 2006) (emphasis added) (internal citations omitted). Indeed, providing low income housing is considered a governmental function pursuant to the Texas Legislature. *See* TEX. LOC. GOV'T CODE § 373.002. However, this matter is a breach of contract claim, not a tort claim, and therefore, the foregoing principle is irrelevant and not controlling herein.

Nonetheless, while the Supreme Court in *Tooke* and this Appellate Court has not applied the proprietary-governmental dichotomy to contract cases, assuming, merely for the sake of argument, that it did apply, SAHA would also be entitled to immunity because providing low income housing is considered a governmental function as defined by the Texas Legislature. *Id.*

## IV.
## Prayer

Appellant, SAN ANTONIO HOUSING AUTHORITY, respectfully prays this Court deny Appellee's Motion for Sanctions, reverse the trial court's Order of January 22, 2015, denying SAHA's Plea to the Jurisdiction, and dismiss Plaintiff's suit against SAHA for want of subject matter jurisdiction. Appellant prays for such other and further relief, at law or in equity, to which it may be justly entitled.

7

Respectfully submitted,

_____
N. MARK RALLS
State Bar No. 16489200
Email: mralls@hfdlaw.com
APRIL Y. QUIÑONES
State Bar No. 24069756
Email: aquinones@hfdlaw.com
HOBLIT DARLING RALLS
HERNANDEZ & HUDLOW LLP
Bank of America Plaza
300 Convent Street, Suite 1450
San Antonio, Texas 78205
Telephone No. (210) 224-9991
Facsimile No. (210) 226-1544

*ATTORNEYS FOR APPELLANT,*
*SAN ANTONIO HOUSING AUTHORITY*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon on all counsel named below in the manner indicated below, on the 26th day of May, 2015.

James A. Rickerson                                    *Via Facsimile: 210-734-8097*
Law Office of James A. Rickerson          *& File Time E-Service:*
111 E. Euclid                                            *rickersonlaw@aol.com*
San Antonio, Texas 78212
*Counsel for Plaintiff/Appellee*

Charles P. Jones                                        *Via Facsimile: 210-526-0207*
Law Office of Charles P. Jones            *& File Time E-Service:*
115 N. Cibolo Street                                 *cpjlaw@yahoo.com*
San Antonio, Texas
*Counsel for Plaintiff/Appellee*

By: _____
N. MARK RALLS

8